36059. COX *v*. THE STATE.

Decided March 12, 1956.

534

*William A. Thomas*, for plaintiff in error.

*Paul Webb*, Solicitor-General, *John I. Kelley*, Solicitor, *B. B. Zellars, Eugene L. Tiller*, contra.

GARDNER, P. J. ■ Inasmuch as the allegations of the petition for certiorari, for the purposes of this decision, are treated as true, it is unnecessary to pass on the sufficiency of the exceptions to the answer or the failure of the trial court to consider the traverse.

■ Grounds 1 through 9 of the petition for certiorari lead up to the grounds upon which the certiorari is based. Ground 10 sets out that the evidence is presented by an exhibit; ground 11 alleges that the defendant was the father of Deborrah Rene Cox alleging that the defendant did not desert said child and alleging further that he is not the father of David M. Cox, and is not liable for David's support; ground 12 alleges that the prosecutrix, while pregnant with Deborrah Rene, went to North Carolina to live; that approximately one month after Deborrah was born the prosecutrix came to Georgia and married the defendant, but returned to North Carolina on the same date; that she remained there approximately a year, during which time the defendant did not see her except on one occasion when he went to North Carolina; ground 13 alleges that the time of conceivement shows that he could not have been the father of David M.; ground 14 alleges that during the abandonment trial the prosecutrix sued the defendant for divorce and in the original petition asked support only for Deborrah Rene, the entire record of the divorce proceedings being allowed in evidence in the abandonment case and is of record as a part of the evidence in the writ of certiorari; grounds 15 and 16 allege that by amendment the prosecutrix did ask support of David M.; ground 17 alleges that the judge of the superior court ordered the defendant to pay certain money for the temporary support of Deborrah Rene and stated that the court did not and would not make an award for David M. "until the paternity of this latter child is determined by the jury"; there is nothing in any of these grounds to sustain a reversal of the ruling denying and dismissing the writ of certiorari.

Ground 19 of the certiorari assigns error because the trial

court refused to allow in evidence checks representing payments to the prosecutrix after the accusation was taken out. We do not see where this could have harmed the defendant, inasmuch as the checks representing payments to the prosecutrix prior to the accusation were allowed in evidence. There is no merit in this ground.

Ground 20 of the petition for certiorari maintains that the trial court erred in rejecting what appears from this ground and also the brief of counsel for the defendant to have been a photostatic copy of an affidavit offered for the purpose of impeaching certain testimony of the prosecutrix by proof of prior contradictory statements. The record does not show why this document was excluded from evidence. However, if evidence is properly rejected the ruling will be affirmed, even though no reason or the wrong reason is given for the action. *Smith* v. *Page*, 72 *Ga.* 539; *Gordon* v. *Spellman*, 148 *Ga.* 394 (96 S. E. 1006); *Lamon* v. *Perry*, 33 *Ga. App.* 248 (125 S. E. 907). Photostatic copies are ordinarily secondary evidence, which may not be admitted over objection without properly accounting for the original. Code § 38-203. While Code (Ann.) § 38-710 provides that photostats which may be made in the regular course of business to preserve permanently by such reproduction the writing of record may be admitted without accounting for the original, it does not appear that the photostatic copy of the affidavit in question was made in the regular course of business to preserve the record, and the affidavit itself is a purely personal matter between the parties. Accordingly, the rejection of the document on this ground would have been proper, and the ruling will accordingly not be reversed by this court.

Special ground 21 assigns error because, during the progress of the trial for alleged abandonment a witness for the defendant was prevented from testifying as to whether or not the prosecutrix told the witness that the defendant was the father of David M., the second child. It is our opinion that the court properly sustained objections of counsel for the State to the question as presented by counsel for the defendant. This ground is not meritorious.

Special grounds 22 and 23 allege that after the case had been on trial for several days, and counsel for both parties had rested the case, counsel for the defendant requested (in ground 22) that

he be allowed to put before the jury certain evidence developed on the preliminary trial of the defendant and (in ground 23) that the defendant be allowed to supplement his statement. Upon objection by counsel for the State, the court sustained the objection in both instances. In view of the whole record in the case these grounds show no cause for reversal.

3. The verdict is amply supported by the evidence. Accordingly, the contention that the evidence is not sufficient to sustain the verdict as set forth in section 24 of the petition for certiorari is without merit.

The trial court did not err in denying and dismissing the petition for certiorari.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*