## 49085. BRADLEY v. THE STATE.

CLARK, Judge.
This appeal is limited to review of an order denying a motion to suppress in which the trial judge has granted the requisite certificate. The evidence consisted of 40 paper bags containing more than 1,000 pounds of marijuana which served as the basis for defendant and two others being indicted for a felony in violation of the Georgia Drug Abuse Act. Appellant contends error on the basis that the vehicle containing the contraband was entered prior to the issuance of the search warrant and that the search warrant was issued without probable cause.

Acting on information provided by the Sheriff of Coweta County and the Chief of Police of Palmetto, Georgia, three Clayton County detectives went to a building in College Park to search for tools stolen in a burglary from Bunn's Garage in Coweta County. Written consent to search the building was given by one of its owners. The search yielded certain items which were identified as being those taken in the burglary. Also located in the building was a 1973 Dodge van truck which the officers desired to search in order to locate a specifically described portable welder that had been taken in the burglary and which was not found in their search of the building. The truck was locked and the officers could not see into its interior. Defendant appeared and claimed ownership of the vehicle. He refused to permit the detectives to search the van for the

missing portable welder. A check with the authorities concerning the ownership in which the license tag had been obtained revealed that the owner was presumably Jeff Camp, 520 Jeff Davis Drive, Fayetteville, Ga., but the Fayetteville police department reported this party had never lived at that address. The truck was then impounded by the police who called a wrecker concern to tow the truck to the Clayton County Police Department. Before towing the truck the driver of the wrecker entered the truck by using a piece of wire, which he testified was done to secure the steering wheel and prevent damage during the towing operation. The truck was removed to police headquarters and kept under surveillance while one of the detectives obtained a search warrant.

In obtaining the search warrant these facts were detailed in the affidavit and in sworn oral testimony to the justice of the peace.

Upon entry being forceably made into the closed truck by removing the right rear window of the truck the policemen detected a strong odor believed to be marijuana and also observed an open package containing green leafy material which he believed to be marijuana. The seizure was then made of the evidence sought to be suppressed.

1. The first enumeration of error is based on entry into the vehicle "in violation of defendant's right of privacy as due him by virtue of the Fourth Amendment of the Federal Constitution and Article One, Paragraph XVI of the Constitution of the State of Georgia." As there is no argument made to support this contention and therefore no citation of authority, it is deemed to be abandoned and will not be considered. *Lee v. State,* 226 Ga. 162, 163 (3) (173 SE2d 209); *Manning v. State,* 123 Ga. App. 844, 845 (5) (182 SE2d 690).

2. The second enumeration of error contends that since that vehicle was entered by the driver of the wrecker while the truck was under the control of the police and before the warrant was obtained that the evidence subsequently seized was tainted with illegality. The facts contradict such assertion. The entry by the driver was not in the nature of a search but solely to

protect the defendant's truck from being damaged during the tow. The body structure of the van truck was such that the contents in the rear portion could not be observed during the entry by the wrecker's driver who limited his activities to the front portion. The search of the van was subsequently accomplished through an entry into the rear portion by the officers after the search warrant was obtained.

3. Nor is there any merit in the next enumeration of error which avers the search warrant was issued without probable cause.'"In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States [338 U. S. 160, 175 (93 LE2d 1879, 69 SC 1302)]. Probable cause exists where 'the facts and circumstances within (the arresting officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U. S. 132, 162 [45 SC 280, 69 LE 543, 555, 39 ALR 790]." Draper v. United States, 358 U. S. 307, 313 (79 SC 329, 3 LE2d 327).

The affidavit and the affiants' sworn testimony meet the requirements set out in *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894): "The general tests to be applied to determine the sufficiency of the affidavit's facts and circumstances to show probable cause, are: (1) that the affidavit gives reasons for the informer's reliability; (2) that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know that it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.' Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584, 21 LE2d 637); *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473); and (3) a time period closely related to the commission of the offense must be affirmatively stated within the affidavit to show that the information contained therein is not

stale. *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447); Sgro v. United States, 287 U. S. 206, 210 (53 SC 138, 77 LE 260, 85 ALR 108)."

Sub judice the informant was the affiant police officer whose affidavit provided current information as to the truck which was to be searched, the item that the police expected to obtain as a result of the search, and sufficient specificity as to the factual circumstances.

"Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. United States [362 U.S. 257, 270 (80 SC 725, 4 LE2d 697, 78 ALR2d 233)]." United States v. Ventresca, 380 U. S. 102, 109 (85 SC 741), 13 LE2d 684).

Sufficient facts were set forth in the affidavit to enable the magistrate to make an independent determination as to whether probable cause existed for the issuance of a search warrant. Code Ann. § 27-303. See *Campbell v. State,* 226 Ga. 883, 884 (1) (178 SE2d 257). Therefore, *Terry v. State,* 123 Ga. App. 746 (182 SE2d 325) and *Patterson v. State,* 126 Ga. App. 753 (191 SE2d 584) are not applicable to the facts in this case.

Moreover, the oral testimony to the issuing magistrate must be considered along with the affidavit.

"The view of this court, expressed in *Johnson v. State,* 111 Ga. App. 298, 305 [141 SE2d 574], is that information supporting a finding of probable cause may be presented to the magistrate by means of an affidavit or by oral testimony." *Marshall v. State,* 113 Ga. App. 143, 145 (147 SE2d 666).

The state showed ample cause in that the officers

had a right to search the building, that they found stolen property, that one particular piece of equipment which had been stolen at the same time had not been found, that the area with exception of this truck had been searched, that the officers had determined that there was something in the locked van although they had not searched it, that the truck was registered to one other than the one who had left it there and further that the person listed as owner had never lived at the address given on the registration.

4. Code Ann. § 27-303 (e) provides that while a peace officer is engaged in a lawful search he can seize anything with the exception of private papers which is unlawful or tangible evidence of the commission of a crime. Thus, the seizure of marijuana, which is contraband, under a warrant for a stolen portable welder is authorized.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 5, 1974 — DECIDED MARCH 13, 1974.

*William C. Rimmer, Jr.,* for appellant.
*William H. Ison, District Attorney, Robert E. Keller,* for appellee.

