## 49957. MADDOX v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted, tried and convicted for theft by receiving stolen property. In conformity with the jury verdict he was sentenced to 7 years. Appeal was taken from that judgment.

The defendant filed a motion to suppress certain physical evidence, which evidence consisted of a 1969 Dodge Charger motor with which he was charged as illegally receiving. This motion duly came on for hearing prior to trial and was overruled. *Held:*

The defendant contends it was error to overrule his written motion to suppress. The evidence sought to be suppressed was a 1969 Dodge Charger motor which was unlawfully received by the defendant. The physical evidence was obtained by means of a search warrant. We

therefore test such warrants against the standards set forth by our Constitution, the Federal Constitution and the cases in this regard.

The magistrate in considering whether to issue a search warrant may consider both the affidavit and oral testimony as to probable cause. *Marshall v. State,* 113 Ga. App. 143, 145 (147 SE2d 666); *Hawkins v. State,* 130 Ga. App. 426 (203 SE2d 622). However, in considering matter other than that contained in the affidavit, such proof must be under oath or affirmation. Art. I, Sec. I, Par. XVI of the Georgia Constitution of 1945 (Code Ann. § 2-116). See *Gilliam v. State,* 124 Ga. App. 843 (186 SE2d 290); *Moore v. State,* 130 Ga. App. 184 (202 SE2d 555). See also *Bell v. State,* 128 Ga. App. 426, 428 (196 SE2d 894).

In the instant case the officer who gave the affidavit stated that no other sworn testimony was given to the trial judge. He reiterated this fact on at least 2 occasions. He did state that he had talked with the issuing magistrate prior to the hearing but, of course, any communications of this nature could not be considered by this court in testing the evidence before the issuing magistrate at the time of the hearing. We therefore consider only the affidavit. See *Lewis v. State,* 126 Ga. App. 123, 127 (190 SE2d 123).

The affidavit given in support of the search warrant recites: "On 1-29-74 affiant raided a club which Robert Maddox is a member. At least 3 stolen cars were recovered at the club and various parts including parts of a 1969 Dodge Charger stolen out of Lithonia, Ga. On 1-30-74 affiant received information from a confidential informant that the engine in Robert Maddox's Dodge Charger came out of the car stolen in Lithonia, Georgia. On 1-31-74 affiant asked Mr. Robert Maddox if he would consent to a search of his Dodge Charger. Maddox refused to consent to the search of his automobile."

The tests in construing an affidavit have been set forth numerous times and may be summarized as follows. "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant . . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [articles] were

where he claimed they were. . . Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate' as the Constitution requires, but instead, by a police officer. . ." *Knowles v. State,* 124 Ga. App. 377 (183 SE2d 617), quoting Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723). "Where the hearsay of an informer is relied upon the affidavit must meet two tests: (1) The reasons for the informer's reliability must be furnished and (2) it must either state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation." *Cain v. State,* 128 Ga. App. 146, 147 (195 SE2d 797).

The instant affidavit in no way sets forth any facts which would sustain the search in question. The confidential informant is not even alleged to be reliable and no facts are set forth in the affidavit which would tend to support a finding of probable cause or to allow the issuing magistrate to make an independent finding to that effect.

It was error to overrule the motion to suppress. In view of this determination, it is unnecessary to consider the defendant's other enumerations of error. See *Good v. State,* 127 Ga. App. 775, 777 (195 SE2d 264).

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED JANUARY 9, 1975 — DECIDED JANUARY 14, 1975.

*James E. McDonald, Jr., J. Roger Thompson,* for appellant.

*Nat Hancock, District Attorney,* for appellee.