## 50989. RIGGINS v. THE STATE.

MARSHALL, Judge.

Appellant was indicted, tried and convicted of a violation of the Georgia Controlled Substances Act by possessing more than one ounce of marijuana. He was sentenced to serve three years in the penitentiary. Prior to the trial on the merits, appellant moved to suppress the fruits of an alleged illegal search of the trailer and grounds occupied by appellant. He further moved for a continuance because his counsel had not had adequate time to prepare for trial. Both motions were overruled and trial and conviction followed. Appellant now appeals the conviction basing his appeal primarily on the admission of evidence he claims was illegally obtained through a disregard of his right to privacy and to be secure in his effects and based upon the denial of the requested continuance. *Held:*

The transcript reflects that an unnamed informer gave information to a police officer that appellant was in possession of a substantial quantity of marijuana. This information was detailed as to the description of the grounds, the trailer in which the drugs were believed to be deposited, the actual container from which the drugs were

being dispensed, the fact that the informer had seen drugs there within the past 24-48 hours, and had in fact made a purchase of drugs. All of this information was furnished by the police officer who served as the affiant at the time the warrant used to effectuate the search was issued. There is clear and unequivocal evidence that the foregoing facts were divulged in an unsworn conversation between the police officer and the justice of the peace who ultimately issued the warrant. After this discussion, principally testified to by the police officer, the justice prepared the affidavit. After the affidavit had been prepared and not until that time did the justice of the peace cause the police officer to have "my right hand extended in the air and I swore to the affidavit before he attached his name or seal." That affidavit in the scantiest of verbiage provides in pertinent part, "Upon informatis [sic] received from a reliable and confidential informer, who has stated to the affiant information on several occasions about drug violations and whi [sic] information has proven to be true and correct, states that Charles Riggins has in his possession a quantity of marijuana and dangerous drugs." No other information was provided in the affidavit. Though the justice of the peace appeared as a witness, he did not give any specific information concerning the conversation he had with the affiant nor did he add to or controvert the evidence that the oath was administered after the conversation held between the two and that the oath only related to the affidavit which was executed. That affidavit also affirmatively recites " . . . The following facts [are] sufficient to show probable cause . . ." We note, parenthetically, that where the state attempts to amplify and bolster a sworn affidavit by parol evidence, such evidence is of questionable value when the *affiant* "boot straps" the affidavit for the trial judge rather than the trial judge requiring the issuing magistrate to indicate what *he* relied on in addition to the affidavit as establishing probable cause. *Maddox v. State,* 133 Ga. App. 709, 710 (213 SE2d 1). The issuance of a search warrant is a judicial function and requires that the magistrate be satisfied that probable cause exists in his mind, not that of the affiant. See: 79 CJS 872, Searches and Seizures, § 74 f; *Smoot v. State,* 160 Ga. 744, 750 (128 SE

909); *Johnson v. State,* 111 Ga. App. 298, 303 (141 SE2d 574). We need not decide whether the state can furnish evidence of probable cause in the absence of the testimony of the judicial officer who issued a warrant (see *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666)), since under the evidence it is clear that the parol evidence used to bolster the affidavit was not under oath. Both the United States Constitution and the Georgia Constitution provide in substance that no warrant shall issue except upon probable cause supported by oath. Georgia Code § 2-116; Amendments to the Constitution of the United States of America, Art. IV (Code § 1-804). Though the affidavit was under oath, the underlying circumstances were not. In a similar case, United States v. Anderson, 453 F2d 174, 177, it was said: "Postal Inspector Deyo testified that he believed he was under oath during the entire conference, while the Commissioner testified that he did not administer any oath until the affidavit was signed. Thus, the oath, when finally administered, covered only the truthfulness of the statements contained in the written affidavit and not the oral statements given to the Commissioner." In view of the requirements of the Georgia Constitution, supra, requiring that probable cause supported by oath be the basis for a warrant, we find the language of the Anderson case, supra, peculiarly appropriate to this case. See also *Marshall v. State,* supra, p. 145; *Hill v. State,* 114 Ga. App. 527, 528 (151 SE2d 818); *Bradley v. State,* 131 Ga. App. 271, 272 (205 SE2d 463).

If one disregards the unsworn testimony of the affiant, it becomes readily apparent that the affidavit in question is fatally deficient. The affidavit fails to show (1) how the informer obtained the information, (2) whether it was based upon the informer's personal knowledge or observation, (3) when the informer obtained the information, or (4) that the tip describing the criminal activity is sufficiently detailed so that the magistrate may know it is more than a casual rumor circulating in the underworld, or an accusation based merely on an individual's general reputation. *Moreland v. State,* 132 Ga. App. 420 (208 SE2d 193); *Cain v. State,* 128 Ga. App. 146, 147 (195 SE2d 797); *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698).

Ordinarily, such a conclusion as the above would be dispositive of a search and seizure question. In this case, however, appellant confounded the issue by taking the stand in his own behalf and testifying on the merits of the case. In his testimony, appellant admitted possessing that small quantity of marijuana found in his trailer. This amounted to not more than one ounce, and, under the competent evidence adduced by the state, probably amounted to less than one ounce. Appellant denied having knowledge of the contents of a small suitcase, found in a chicken coop in the vicinity of his trailer, attributing the ownership of that luggage to his wife's cousin. That case contained over two pounds of marijuana. Even though the trial judge erred when he denied the motion to suppress, where appellant admitted on the merits that he possessed a small quantity of marijuana, at least as to that quantity, the failure to suppress was rendered harmless. *Taylor v. State,* 134 Ga. App. 79, 80 (213 SE2d 137).

That judicial admission however does not reach to the large amount found outside the appellant's domicile, the possession and ownership of which appellant expressly denied. Even though a jury could disbelieve appellant's denial, it is clear that as to that quantity, the disclosing search was in contravention of the basic law against unreasonable searches and seizures and that evidence was unlawfully admitted by the trial judge and considered by the jury. *Cain v. State,* 128 Ga. App. 146, supra.

The trial court properly instructed the jury concerning the indicted offense of possession of more than an ounce of marijuana, *all* the marijuana found, (a felony) as well as upon possession of an ounce or less of marijuana, that found in the trailer (a misdemeanor). The jury, upon the evidence, could have found appellant guilty of the misdemeanor. The jury, by its verdict, obviously may have relied upon the evidence of the large quantity of marijuana found in the chicken coop located outside appellant's trailer. Since it was error for the jury to have been allowed to consider the larger amount, prejudice to appellant is apparent.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 15, 1975 — DECIDED OCTOBER 22, 1975.

*Jones & Solomon, M. Theodore Solomon,* for appellant.

*Dewey Hayes, District Attorney, C. Deen Strickland, Assistant District Attorney,* for appellee.