## 60447. GARRETT v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for motor vehicle theft. *Held:*

1. The first enumeration of error is that the evidence is insufficient to sustain the conviction. The evidence supporting conviction showed that in October 1977 defendant made an agreement to purchase a bulldozer from one Reynolds. The down payment was to be a 1971 Ford automobile and a rifle owned by defendant, with the balance in installment payments. Reynolds received the Ford and the rifle but the remainder of the agreement was not carried out because the parties subsequently agreed to substitute a 1973 Mack truck for the bulldozer. On December 9, 1977, defendant signed a document taking over Reynolds' equity in the truck and agreed to make the remaining payments Reynolds owed on it. He also signed a document (state's exhibit 2) which stated that as of that date he had traded to Reynolds the 1971 Ford which Reynolds had in his possession and agreed to furnish Reynolds clear title to the vehicle within a week. Reynolds never got a title from defendant. In December 1978 Reynolds left the Ford at a shop for repairs, from which defendant took it in January 1979 without Reynolds' permission by intimating he had such permission and displaying the title.

Defendant testified that although he agreed to trade the Ford as part of the down payment for the bulldozer, the agreement to purchase the Mack truck did not include the Ford; and that when he took the Ford from the repair shop he was only recovering his own property. He denied signing state's exhibit 2 and claimed that he did not remember signing it.

We find this evidence sufficient to authorize a rational jury to find defendant guilty of motor vehicle theft beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The remaining enumeration is that the trial court erred in admitting in evidence state's exhibit 2, the document defendant signed stating that he traded the Ford to Reynolds. A photostatic copy of the document was admitted over defendant's objection that it was not the best evidence. Since there is no evidence whatsoever accounting for the absence of the original of the document as required by Code Ann. § 38-203, the trial court erred in admitting it. *Cox v. State,* 93 Ga. App. 533 (2) (92 SE2d 260). However, since there was testimony of witnesses generally as to the contents of the document and the prosecutor read the contents of it verbatim to defendant in cross-examination, all without objection, the error was harmless. "The admission of improper evidence is harmless when the fact

34

sought to be shown is otherwise fully and properly established. [Cits.]" *Barrett v. State,* 146 Ga. App. 207 (1) (245 SE2d 890).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED OCTOBER 7, 1980.

*J. Richardson Brannon,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.