## 62287. AYERS v. CARTER.

SHULMAN, Presiding Judge.

Appellant Leroy Ayers and appellee Dorothy J. Carter were divorced in 1974 after having been married for one year. They began to see each other again in 1976, but terminated their relationship in October 1977. Appellee subsequently sued appellant to recover money which she alleged she had loaned appellant during their renewed relationship, to obtain reimbursement for charges appellant had purportedly placed on appellee's credit card, and to recover the value of certain property of appellee's which appellant had in his

possession. Through a counterclaim, appellant sought possession from appellee of an ivory box valued at $2,000. Appellant was awarded the ivory box, and seeks reversal of the $15,200 judgment awarded appellee by the jury. We affirm.

1. Appellant urges as error the trial court's denial of his motion for a new trial on the general grounds. There was evidence presented at the trial from which the jury could conclude that, when appellant experienced financial difficulties, appellee loaned him money and he agreed to repay her as soon as he sold certain equipment. Appellant admitted that he had used appellee's credit card and identified as his the signature which appeared on several of the charge receipts, but disputed the amount appellee alleged he had charged. Without objection from appellant, appellee introduced evidence of charges exceeding $700. Finally, there was evidence that appellant had taken various articles of appellee's personal property. From this evidence, the jury could properly render the verdict it handed down.

2. In Enumerations 2 through 5, appellant maintains that the trial court erred when it excluded evidence from the jury by refusing to allow appellant to inquire into appellee's present marital and employment status.

Every party has the right to a thorough and sifting cross examination of the witnesses called against him. Code Ann. § 38-1705. However, the trial court may restrict the scope of the cross examination to matters relevant to the issues being tried, and results of the exercise of that discretion will not be interfered with unless the discretion was manifestly abused. *Clifton v. State,* 187 Ga. 502 (4) (2 SE2d 102); *Kaminsky v. Blackshear,* 108 Ga. App. 492 (5) (133 SE2d 441). The exclusion of questions regarding appellee's present marital and employment status was not error since the answers to the questions were irrelevant to the issue: whether appellee had loaned money to appellant which he had agreed to repay.

3. During the cross examination of appellee, appellant's counsel also attempted to place before the jury an alleged prior inconsistent statement made by appellee in a 1978 deposition. The trial court sustained appellee's objections to the attempt, and appellant now complains that the trial court erred when it excluded this evidence from the jury and thereby again denied appellant his right to a thorough cross examination.

"A witness may be impeached by contradictory statements made by him as to matters relevant to his testimony and to the case . . ." Code Ann. § 38-1803. However, that part of appellee's deposition which appellant attempted to use at trial was not contrary to appellee's trial testimony. In both, appellee testified that she had requested appellant to repay part of the loan before they had

terminated their relationship in October 1977. Since the prior statement appellant wished to introduce to impeach appellee did not contradict appellee's testimony, the trial court did not err when he excluded it from the trial.

4. In Enumerations 8 through 16, appellant asserts that the trial court erred in admitting into evidence photocopies of various checks written by a savings and loan association to appellee (one of which checks named appellant as payee) and checks written by appellee to various retailers. Appellant maintains that the exhibits should not have been admitted because they were photocopies and were not the "best evidence."

Code Ann § 38-710 provides that photocopies made in the regular course of business to preserve permanently by such reproduction the original writing may be admitted without accounting for the original. *Cox v. State,* 93 Ga. App. 533 (2) (92 SE2d 260). In the present case, since there is no evidence that the photocopies introduced were made in the regular course of business, it was error to admit them into evidence. See *Cox v. State,* supra. Furthermore, the original documents would have been the "best evidence" of the contents of the photocopied documents. Code Ann. § 38-203. However, the admission of the photocopies was harmless error since appellee testified as to the contents of the documents in question without objection from appellant, and appellant has not contested the authenticity of the contents. "The admission of improper evidence is harmless when the fact sought to be shown is otherwise fully and properly established. [Cits.]" *Garrett v. State,* 156 Ga. App. 33 (2) (274 SE2d 80).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 23, 1981.

*Platon P. Constantinides,* for appellant.
*Albert B. Wallace,* for appellee.