## 65697. BREWER et al. v. WILLIAMS et al.

SHULMAN, Chief Judge.

This appeal is from a $15,000 jury verdict in favor of appellees in this action for damages resulting from an allegedly defective roof on a condominium purchased by appellees from appellants in September 1980. The complaint, as amended, sought recovery based upon breach of contract, negligence, and fraud. Named as defendants to the action were Bill Brewer & Associates, Inc., the contractor for the reconstruction of the condominium; and its principal, William S. A. Brewer.

The facts adduced at trial showed that the replacement roof in question was installed in May 1979. There was evidence, though disputed in part by appellants, showing that the roof developed numerous leaks and that Brewer contacted the installer on numerous occasions through the summer of 1980 regarding the leaks. There was also evidence showing that although some of the leaks had been repaired, the roof was generally unsuitable and defective.

Appellee Strange testified that she initially contacted Brewer about the condominium in June 1980. She testified that she was told by Brewer that a new roof had been installed as a part of the overall repair and reconstruction of the condominium. Both appellees testified that they first noticed leaks in the portion of the roof over their condominium approximately one month after closing.

The roof in question covers the entire building, which houses nine condominiums. Each condominium is owned in fee simple. An experienced roofing mechanic testified that the entire roof could be repaired properly for $15,300. He also testified that the segment of the roof owned by appellees could be repaired for $2,500, but that such a repair could not insure that water from leaks from other segments of the roof would not find its way into appellees' condominium.

The case was submitted to the jury under all three theories of recovery alleged in the complaint. The form of the verdict specified only two alternative choices and specified no breakdown between an award of compensatory and an award of punitive damages. Appellants made no objection to the form of the verdict returned.

1. Appellants challenge the trial court's denial of their motions for directed verdict and for judgment notwithstanding the verdict on the contract count of the complaint. This argument is based upon an attempt to distinguish *Worthey v. Holmes,* 249 Ga. 104 (287 SE2d 9), affirming 159 Ga. App. 262 (282 SE2d 919). However, this argument is wholly irrelevant to this case, because the real estate sales contract in question provided that "[a]ll repairs . . . [would] be completed by

seller in a good and workmanlike manner prior to closing." The closing documents specifically provided that the terms and conditions of the real estate sales contract would survive closing and would not merge upon delivery of the warranty deed. Appellees based their contract claim upon the contention that the repairs to the roof were not done "in a good and workmanlike manner," and there was ample evidence adduced at trial to support this claim. Consequently, the trial court ruled properly in submitting this issue to the jury.

2. Equally without merit is appellants' contention that the trial court erred in submitting appellees' negligence count to the jury. There was ample evidence indicating that work directly performed by Bill Brewer & Associates was the cause of the problems with the roof. Thus, the general rule that an employer is not responsible for the negligent acts of an independent contractor (OCGA §§ 51-2-4 and 51-2-5 (Code Ann. §§ 105-501, 105-502)) does not eliminate recovery in this case on the basis of negligence. Furthermore, under the evidence in this case, the negligence of the roofing subcontractor might be imputed to the appellants as the violation of a duty imposed by contract (OCGA § 51-2-5 (3) (Code Ann. § 105-502)) or as having been ratified by appellants (OCGA § 51-2-5 (6) (Code Ann. § 105-502)).

3. Relying heavily upon *Lively v. Garnick,* 160 Ga. App. 591 (1) (287 SE2d 553), appellants argue that appellees failed to make out at trial a proper case of fraud resulting from passive concealment of a known defect. See *Wilhite v. Mays,* 239 Ga. 31 (235 SE2d 532), affirming 140 Ga. App. 816, 818 (232 SE2d 141). However, unlike *Lively,* supra, and contrary to appellants' contention, there was ample evidence showing that Brewer knew of the alleged defects in the roof prior to appellees' purchase of their condominium. As there was additional evidence to support the contentions that the defects were not disclosed by appellants and could not have been discovered by appellees through the exercise of due diligence prior to closing, the trial court properly submitted the issue of fraud to the jury. *Wilhite,* supra, 239 Ga. 31.

4. Since the issue of fraud was properly before the jury, the trial court did not err in submitting the issue of punitive damages. *Champion v. Martin,* 124 Ga. App. 275 (2) (183 SE2d 571).

5. Appellants' contention that the verdict is in excess of appellees' actual damages is without merit. The verdict could properly have included an award of punitive damages, and it must be construed on appeal in a manner upholding its validity. *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (3, 4) (198 SE2d 420). The record contains no indication that the verdict was the result of bias or prejudice, or that it was "exorbitant," "outrageous," or

"extravagant." Id., p. 871. Consequently, it is not subject to attack on appeal. Id.

6. The final point raised by appellants concerns the trial court's admission of a photocopy of a letter from the roofing subcontractor to the attorney for two purchasers of condominiums in the building in which appellees' condominium is located. Appellants objected to the document on best evidence and hearsay grounds. Irrespective of the merits of appellants' objection to the document, any error as to its admission would be harmless. "The admission of improper evidence is harmless when the fact sought to be shown is otherwise fully and properly established. [Cit.]" *Garrett v. State,* 156 Ga. App. 33, 34 (274 SE2d 80). "Inadmissible hearsay which is received over objection does not require a new trial if it appears that the evidence could not have affected the verdict because other evidence by a witness with immediate and personal knowledge is sufficient to establish the fact in question. [Cits.]" *Glass v. State,* 235 Ga. 17 (2) (218 SE2d 776). See also *Smith v. Hornbuckle,* 140 Ga. App. 871, 880 (232 SE2d 149). Since the matters contained in the subject letter were before the jury through other testimony admitted without objection, its admission constituted at most harmless error.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1983 —

*J. Timothy White, Gary D. Stokes,* for appellants.
Timothy Williams, *pro se,* Sharon J. Strange, *pro se.*

