## 66583. THE STATE v. MINCEY et al.

QUILLIAN, Presiding Judge.

The State appeals the grant of a motion to suppress certain evidence seized under a search warrant. *Held:*

1. The trial judge sustained defendant's objection to the admission of photostatic copies of the search warrant and supporting affidavit on the ground that the copies were not the highest and best evidence.

"Photostatic copies are ordinarily secondary evidence, which may not be admitted over objection without properly accounting for the original." *Cox v. State,* 93 Ga. App. 533, 535 (92 SE2d 260). Accord, *Garrett v. State,* 156 Ga. App. 33 (2) (274 SE2d 80). As pointed out in *Camilla &c. Co. v. Mills Management,* 152 Ga. App. 823 (1) (264 SE2d 294): "[P]hotostatic reproductions made in the regular course of business for purposes of permanent preservation may be used without accounting for the original under Code Ann. § 38-710." Accord, *Ayers v. Carter,* 159 Ga. App. 680, 682 (4) (285 SE2d 55). But, where as here the party offering the evidence makes no attempt to establish that the photocopies were made in the regular course of business (*Nationwide Mut. Fire Ins. Co. v. Rhee,* 160 Ga. App. 468, 472 (9) (287 SE2d 257)) and fails to properly account for the absence of the original (*Garrett v. State,* 156 Ga. App. 33 (2), supra), it was not error to refuse to admit the photocopies.

2. "Both this court and the Court of Appeals have held that a search warrant is the highest and best evidence of its contents. *Gee v. State,* 225 Ga. 669, 672 (171 SE2d 291); *Cain v. State,* 113 Ga. App. 477, 480 (148 SE2d 508)." *DePalma v. State,* 228 Ga. 272, 275 (185 SE2d 53). In *Cain,* supra, this court discussed a situation similar to the one here: "Objection was made . . . to . . . testimony on the ground that evidence of the result of a search would not be admissible until the State first showed a valid search warrant, and that no search warrant had been introduced in evidence. This is in effect an objection that the existence and validity of the search warrant had not been shown by the best evidence, and that, until such showing, evidence of the result of the search was inadmissible. The objection was well taken and the court erred in overruling it and permitting parol testimony of the contents of the warrant." *Cain v. State,* 113 Ga. App. 477, 480, supra.

The burden of proof is upon the State to establish that the requisite facts were presented to the issuing magistrate. *Bell v. State,* 128 Ga. App. 426, 428 (196 SE2d 894). In those situations where the record brought to this court did not contain a search warrant or the affidavit, we have examined the transcript to determine if the State

presented sufficient testimony at the hearing before the issuing magistrate. See *Bland v. State,* 141 Ga. App. 858 (234 SE2d 692); *Liskey v. State,* 156 Ga. App. 45 (274 SE2d 89); *Reddish v. State,* 161 Ga. App. 170 (288 SE2d 266). However, the supporting parol evidence must be under oath. *Maddox v. State,* 133 Ga. App. 709, 710 (213 SE2d 1); *Riggins v. State,* 136 Ga. App. 279, 281 (220 SE2d 775). Thus, even if we consider parol evidence, this record fails to reveal whether the matters presented to the magistrate, which were more than sufficient to establish probable cause, were given under an oath or affirmation.

The evidence being insufficient to demand a finding that the search was not subject to the objections urged against it, the trial judge did not err in sustaining the motion to suppress.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 9, 1983.

*Spencer Lawton, Jr., District Attorney, Lee Darragh, David T. Lock, Assistant District Attorneys,* for appellant.

*William O. Cox, John R. Calhoun, Walter W. Ballew,* for appellees.