## A90A1830. GRANT v. THE STATE.
(403 SE2d 58)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault on a peace officer and possession with intent to distribute marijuana. He appeals the denial of his motion for new trial and raises seven enumerations of error.

1. Appellant first contends that the state failed to prove guilt beyond a reasonable doubt for the offense of aggravated assault on officer W. L. Jones ("Jones"). At trial, Jones testified that he and another officer went to the door of appellant's apartment to serve a search warrant. Several other officers were waiting in the car to assist once entry had been achieved. Jones knocked at the door and the other officer stood behind him at an angle. When a female voice answered, Jones, who had been in the apartment earlier in the day to purchase drugs prior to obtaining the search warrant, explained that he thought he left his wallet inside and he wanted to look for it. A male voice responded and appellant then opened the door holding a revolver at his side. At this time, Jones and the other officer were dressed in plainclothes, however the other officer was wearing a raid jacket and hat which displayed the Atlanta police emblem. When appellant opened the door, Jones displayed his badge case and said "police." Jones stated that at this point appellant began raising up the revolver and Jones began moving away from the door while removing his own gun. Jones testified that appellant fired the first shot and then Jones fired two rounds in return. As Jones fell to the ground, he saw appellant moving his gun in the direction of the other officer and Jones fired another shot to allow the other officer to move away. Jones was wounded in the hand from the gunfire. The other officers then arrested appellant, who was also wounded, and searched the premises. At trial, the officer who was at the doorway with Jones corroborated Jones' account of the incident. Appellant testified that a man came to his door, saying he was "James" that had been there earlier and he thought he left his wallet inside; due to the crime in the area, he was alarmed and got his gun for protection, and cocked it, prior to opening the door; that as he opened the door, a gun suddenly appeared through the doorway and he was shot; that he did not see Jones outside, only the other officer; that he never saw a police badge or heard anyone announce themselves as policemen; and that he did not fire first. Appellant did however admit on the stand that he possessed marijuana and sold it to others and further that he sold non-tax paid liquor and played illegal lottery numbers. We determine that the evidence adduced at trial was sufficient to sustain a finding by a rational trier of fact of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next enumerates that the trial court erred in overruling his motion to suppress. Specifically, appellant argues that the admission of a copy of the search warrant was in error because it was not a certified copy and because the original was not accounted for; therefore, it was not the best evidence and the search was not shown to be lawful. Further, appellant argues that it was error to admit the copy upon the State's motion to re-open evidence after the State had

rested. At the hearing on the motion to suppress and at trial, Jones testified that he went to appellant's apartment to purchase marijuana in response to information that the house was used as a base for the sale of illegal substances, including marijuana. Jones stated that he did in fact make the purchase and then went to obtain the search warrant and that he swore to the contents of the warrant before the judge. At the suppression hearing, Jones did not remember which judge signed the warrant but at trial he named the judge. Jones testified that he did not arrest appellant at the time of the purchase because he wanted to obtain a warrant allowing him to search the entire premises.

The search warrant itself is the highest and best evidence of its contents. *State v. Mincey*, 167 Ga. App. 850 (2) (308 SE2d 18) (1983). Ordinarily, if a party seeking to introduce a photocopy of a warrant into evidence does not attempt to show that the copy was made in the regular course of business and does not properly account for the absence of the original, the photocopy would not be admissible. *Mincey*, supra at Division 1. Since the record does not reveal that the State made either of these showings, the admission of the photocopy of the warrant was in error. However, "admission of improper evidence is harmless when the fact sought to be shown is otherwise fully and properly established. [Cits.]" *Barrett v. State*, 146 Ga. App. 207 (1) (245 SE2d 890) (1978). Since the copy of the warrant was erroneously admitted, we must examine the transcript to determine if sufficient testimony was presented to carry the State's burden of proving that facts constituting probable cause were presented to the judge. *Mincey*, supra at Division 2. See also *Bartlett v. State*, 165 Ga. App. 18 (1) (299 SE2d 68) (1983). The transcripts from the suppression hearing and the trial reveal the following: Jones testified that he was the affiant before a specific judge; that he swore to the contents of the warrant; that he obtained the warrant for the search of appellant's apartment; and that he had the warrant when he went to execute the search. He testified as to the purchase of marijuana which preceded the issuance of the warrant and which led him to conclude probable cause existed to support a warrant for the search of the premises. Jones stated that after purchasing drugs from appellant, he immediately went to obtain the warrant. The officer who actually executed the warrant also testified that she had a warrant to execute the search. Thus, the circumstances surrounding the issuance of the warrant and the contents thereof amounting to probable cause appear from the transcript and any error in admitting the photocopy of the warrant was harmless. See *Hawkins v. State*, 185 Ga. App. 837 (2) (366 SE2d 222) (1988).

Appellant also argues that his motion to suppress should have been granted because the search became a general search when items

not named in the warrant were seized. The warrant specified that the search was for marijuana. The executing officer seized, in addition to marijuana, illegal lottery number sheets, U. S. currency, non-tax paid liquor and a joint checkbook of appellant and his wife. "The search was lawful, and when the executing officer is conducting a lawful search, he may seize anything he discovers, possession of which is unlawful, or anything which is tangible evidence of the commission of a crime." *Davis v. State*, 159 Ga. App. 356, 360 (2) (283 SE2d 286) (1981). "OCGA § 17-5-21 (b) authorizes an officer in the process of executing a lawful search warrant 'to seize any stolen property, contraband, or other item, other than private papers, which he has probable cause to consider tangible evidence of the commission of a crime, even though the property is not listed in the warrant. [Cit.]' " *In the Interest of A. B.*, 194 Ga. App. 665 (1) (391 SE2d 683) (1990). According to the above tests, all the items seized from appellant were properly taken, except for the checkbook, which was a personal paper of appellant. The executing officer said that she seized it to prove that the appellant and his wife lived at the address, not because she believed it to be tangible evidence of a crime. Although the admission of the checkbook was in error, appellant has not shown it was harmful, especially in light of his admission of the offense relating to the marijuana and his admission of the other unlawful activity.

Appellant further contends that the search was unlawful, and in his third enumeration of error, contends that his convictions should be reversed because the police officers improperly executed the warrant and improperly attempted to enter appellant's apartment. OCGA § 17-5-27 requires officers to give verbal notice of their authority and purpose in the execution of a search warrant. *Neal v. State*, 173 Ga. App. 71 (1) (325 SE2d 457) (1984). Both officers testified that when appellant opened the door, Jones displayed his badge and announced the police presence. One officer was wearing a police raid jacket and cap and we find no impropriety in the officers' actions. Appellant's second and third enumerations are without merit.

3. In his fourth and fifth enumerations, appellant asserts that the court erred in failing to intervene when certain statements were made by the prosecutor during his closing argument. The first comment related to a previous controversial shooting of a police officer in which the defense counsel was involved. Counsel for appellant first injected this issue into evidence in this trial by cross-examining a police officer witness about the incident and again raising the issue in his own closing argument. Clearly, defense counsel "opened the door" by bringing up the incident on these two occasions during the trial. See *Rivers v. State*, 147 Ga. App. 19 (3) (248 SE2d 31) (1978) (reversed on other grounds). "[I]t is well settled that in closing argument the prosecutor has considerable latitude as to what inferences may be drawn from

the evidence and as to the language he may use in expressing his thoughts. . . ." *Banks v. State*, 191 Ga. App. 344, 345 (1) (381 SE2d 548) (1989). The prosecutor's response to defense counsel's injection of the issue into the trial was not error.

Appellant's argument regarding the prosecutor's comments during closing on other incidents involving violence against other police officers is without merit. Appellant made no objection to these comments of the prosecutor nor were curative instructions requested. As such, any objection thereto was waived. *Banks*, supra.

4. Since appellant did not request a jury charge on impeachment, the court did not err in failing to give such a charge, and appellant's sixth enumeration has no merit. *Perkins v. State*, 152 Ga. App. 101 (4) (262 SE2d 158) (1979).

5. Appellant's seventh enumeration that the court's charge on intent was burden shifting and therefore erroneous likewise fails. The court's charge was substantially identical to the charge given in *Lingerfelt v. State*, 255 Ga. 180 (4) (336 SE2d 250) (1985), which was specifically found not to shift the State's burden of proof. Therefore, there was no error in giving the charge.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 31, 1991 —
REHEARING DENIED FEBRUARY 27, 1991 —

*Guy E. Davis, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, William L. Hawthorne III, Assistant District Attorneys*, for appellee.

