CASE 71—ACTION FOR LIBEL.—FEB. 5.

# Pritchett v. Frisby.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR PAINTIFF AND DEFENDANT APPEALS.  REVERSED.

GRAND JURY—COMPETENCY OF GRAND JUROR AS WITNESS.

Held:   Under Cr. Code Prac. section 113, providing that "a member of the grand jury may be required by a court to disclose the testimony of a witness examined before the grand jury, for the purpose of ascertaining its consistency with the testimony given by the witness on the trial, or for the purpose of instituting a proceeding against the witness for perjury or false swearing," a grand juror is not a competent witness for any other purpose as to what occurred before the grand jury, and is therefore not competent to testify for the plaintiff in an action for libel as to the publication of the libel before the grand jury.

HAZELRIGG & CHENAULT, FOR APPELLANT.

MONTGOMERY, MERRITT AND YEAMAN & YEAMAN, OF COUNSEL.

EDWARD W. HINES, FOR APPELLEE.

JOHN F. LOCKET AND STANLEY & RUGGLES, OF COUNSEL.

The question on which this case was decided by the court of appeals, viz., the competency of a grand juror as a witness in an action for slander or libel as to what occurred in the grand jury room, was not discussed in either of the original briefs filed by counsel on either side, but as this question is discussed in the brief of Mr. Hines for appellee, on petition for rehearing his points and authorities are given.

REPORTER.

Pritchett v. Frisby.

EDWARD W. HINES, FOR APPELLEE ON PETITION FOR REHEARING.

In view of the fact that this court has reversed the judgment of the circuit court, in this case, upon a ground not urged by counsel for appellant, and therefore not discussed in the brief for appellee, I have no hesitation in asking the court to grant the appellee a rehearing.

There are three grounds upon which the court is now asked to withdraw the opinion delivered and to substitute an opinion affirming the judgment.

1. The error, if any, in permitting grand jurors to testify, was not prejudicial to appellant, by reason of the fact that appellant voluntarily stated on the witness stand that he published to the grand jury the libel complained of.

2. Even if it be conceded, that as a general rule, a grand juror will not be permitted to disclose the testimony of a witness before the grand jury, this rule does not apply where one who was not summoned as a witness has been permitted as a personal privilege to make a statement, and takes advantage of that privilege to exhibit to the grand jury a forged paper damaging to the reputation of another.

3. Grand jurors are not prohibited from disclosing the testimony of witnesses when it is necessary to do so for the protection of private rights.

There is no sound reason of public policy for requiring a grand juror to keep secret, for all time, the testimony of witnesses before the grand jury, and the decided weight of authority is to the effect that no such rule has ever existed. It is even more important to prevent the conviction of innocent persons, than to secure the conviction of the guilty, and it is not the policy of the law to procure witnesses to testify, falsely, before the grand jury. Surely, therefore, the rule which protects a witness from an action for slander or libel on account of any thing he may say which is pertinent to an investigation being made by the grand jury, is all that is required to insure a full disclosure of *the truth* on the part of witnesses before the grand jury.

The offense of the defendant, in this case, was such a flagrant one, that it furnishes the best illustration possible, of the danger of an unbending rule, forbidding grand jurors to testify as to what any person has said or done in the grand jury room without regard to the purpose for which he was there, and I can not believe that this court will upon further consideration adhere to an opinion making it so easy for slanderers to stab the reputation of others with absolute immunity from pun-

Pritchett v. Frisby.

ishment, and without any reparation whatever to the person in-
jured, especially when there seems to be no reason of public
policy demanding such an unbending rule.

### AUTHORITIES CITED.

Morgan v. Booth, 13 Bush, 480; Stewart v. Hall, etc., 83 Ky.,
380; Com. v. Green, 12 Am., St Rep., 911; and note; secs. 112 and
113 Criminal Code; Hinshaw v. State, 147 Ind., 334; Jenkins v.
State, 36 Fla., 737 (48 Am. St. Rep., 267); Com. v. Green, 126
Pa St., 531; (12 Am. St. Rep., 894); Gordon v. Com., 92 Pa. St.,
216 (73 Am. Rep., 672) Com. v. Mead, 12 Gray, 167; Com. v.
Hill, 11 Cush, 137; State v. Broughton, 7 Ired. L. 98 (N. C.)
Jones v. Turpin, 6 Heisk., 181; Com. v. Scowden, 92 Ky., 120;
Tindle v. Nichols, 20 Mo., 326; State v. Gibbs, 39 Iowa, 321,
Com. v. Minor, 89 Ky., 555, 560.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

By this action the appellee sought to recover damages
from the appellant, because:  (1) The appellant falsely and
maliciously exhibited to the members of the Henderson
county grand jury a certain letter, which purported to
have been written by the plaintiff, but which was forged,
containing false and scandalous charges against him.  (2)
That before the members of the aforesaid grand jury he
charged that the appellee was trying to have appellant
indicted by perjured testimony, and that he had sworn
falsely in a certain suit pending between the parties.
It is averred in the petition that the appellant had done
these  things  voluntarily,  and  against  the  protest  of
the members of the grand jury; that the libelous pub-
lication and the false charges were not made with refer-
ence to anything under investigation before the grand jury.
On trial of the case the appellee introduced as witnesses
members of the grand jury, including himself, who was
also a member of the grand jury, and was present when
the alleged false charges were made.  Some of the mem-
bers of the grand jury testified that they did not remember

whether or not the grand jury was in session at the time
·the statements were made, or whether the appellant was
·sworn to give testimony before the grand jury before they
were made. Other members of the grand jury testified
that the statements were made while the grand jury was
in session; that the appellant was sworn before making
·them. Under this testimony it may be assumed that the
·evidence is uncontradicted that the grand jury was in ses-
·sion, and as such heard the false charges which the ap-
·pellant made against the appellee. It may be observed
·at this point that the appellant was not summoned before
the grand jury, and his appearance before it was voluntary,
with the purpose of trying to prevent the returning of an
indictment against him which he claimed the appellee de-
·sired to procure. The question which invites our consider-
·ation is, were the members of the grand jury competent
witnesses to prove what transpired before it? Independ-
·ent of statutory regulation, courts in different States hold
widely divergent views upon the question as to whether it
is competent for members of a grand jury to testify as to
what occurred in the grand-jury room. In some jurisdic-
·tions it is held that the oath of secrecy which grand jurors
take does not prevent the public or an individual from
·proving by them in a court of justice what passed before
the grand jury, where, after the purpose of secrecy has
been effected, it becomes necessary to the attainment of
justice that the conduct and testimony of prosecutors and
·witnesses shall be inquired into. In some jurisdictions it
is held to be in the discretion of the court whether or not
·a grand juror shall be examined as a witness touching trans-
actions before the grand jury. In other jurisdictions,
it is held that witnesses before a grand jury can not
invoke the rule of secrecy after the investigation of

the grand jury has ceased.  Again, other courts hold that, where statutes have been enacted prescribing the instances in which the grand jurors may testify as to what occurred before them, such statutes are exclusive, and that grand jurors may testify in no other than in the cases prescribed. The latter is the view which has been taken by this court. Section 113, Cr. Code Prac., reads as follows:  "A member of the grand jury may, however, be required by a court to disclose the testimony of a witness examined before the grand jury, for the purpose of ascertaining its consistency with the testimony given by the witness on the trial, or for the purpose of proceeding against the witness for perjury (or false swearing) in his testimony, or upon the trial of a prosecution of the witness for perjury (or false swearing); and it shall be the duty of the foreman of the grand jury to communicate to the attorney for the Commonwealth, when requested, the substance of the testimony before them."  In Com. v. Scowden, 92 Ky., 120, (13 R., 404) (17 S. W., 205), the question arose as to whether upon the trial of one for false swearing before a grand jury the grand juror can testify to what the accused swore before the the grand jury.  The court held that it was incompetent, because the Criminal Code of Practice did not provide that a member of a grand jury could give evidence as to what a witness may have testified to before the grand jury on the trial of an indictment in which the witness was charged with having sworn falsely in giving testimony before the grand jury.  The court said:  "The offense of false swearing is a statutory one, and distinct from that of perjury, which existed at common law.  The two have no connection. The former is not mentioned by common-law writers, and the elements of the two are different.  The charge of perjury does not embrace that of false swearing.  The Code

has declared that what the accused testified before the grand jury may be proven against him upon a trial for perjury, but it has not said that this may be done upon his trial for false swearing. The latter offense existed under our law when this provision of the Code was adopted; but the Legislature, for some reason, did not see fit to embrace it. 'Expressio unius est exclusio alterius.'" Subsequently the Legislature amended the Criminal Code of Practice (Acts 1891-93, p. 11), making grand jurors competent to testify, on the trial of a person indicted for false swearing, as to what he may have said as a witness before the grand jury. To follow the reasoning of the court in that case necessarily brings us to the conclusion that grand jurors are incompetent to testify as to what occurred before that body. The section of the Code does not say that they shall not be competent as witnesses in a case like this, or in a civil action growing out of the occurrences before the grand jury; yet the fact that the Legislature specified the instances in which grand jurors could testify excludes the idea that it intended that they should be competent as to instances other than those specified.

The judgment is reversed for proceedings consistent with this opinion.

Chief Justice Guffy, dissents.

Petition for rehearing by appellee overruled.