**Albert VAUGHN et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1972.

Elmer Cunnagin, Jr., Willis C. Cunnagin, Cunnagin & Cunnagin, London, for appellants.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

Appellants Albert and Betty Vaughn were convicted of falsely swearing while testifying before a grand jury and were sentenced to confinement for a period of one year. Each appeals from the judgments. We reverse.

The Vaughns were present when State Trooper Bill Williamson and two agents of the Alcoholic Beverage Control Board conducted a search of the residence of Bert House. Mrs. Bill Williamson, wife of the trooper, was the reporter for the grand jury. She was in the grand jury room at all times during the grand jury proceed-

ings; however, Mrs. Williamson retired to a corner of the room and faced the wall so that she could not see which members raised their hands as the votes were taken on the question as to whether an indictment should be returned.

Counsel for the Vaughns unsuccessfully moved to quash the indictments on the ground that Mrs. Williamson's presence in the grand jury room was in violation of RCr 5.18, which provides in pertinent part:

> "No person other than the grand jurors shall be present while the grand jury is deliberating or voting. Any person violating this Rule may be held in contempt of court."

While her presence was authorized during examination of witnesses (Alford v. Commonwealth, 240 Ky. 513, 42 S.W.2d 711 (1931)), it was prohibited during deliberations and voting. See Greenwell v. Commonwealth, Ky., 317 S.W.2d 859 (1958), in which we wrote:

> "From earliest times it has been the policy of the law in furtherance of justice to shield the proceedings of grand juries from public scrutiny. Secrecy is for the protection of the witnesses and the good names of innocent persons investigated but not indicted and is to inspire the grand jurors with a confidence of secrecy in the discharge of their duties. It is not for the benefit or protection of any right of any person indicted unless such right is given by a statute. 38 C.J.S. Grand Juries § 43 and notes; 24 Am.Jur., Grand Jury, § 47. Cf. Pritchett v. Frisby, 112 Ky. 629, 66 S.W. 503; Alford v. Commonwealth, 240 Ky. 513, 42 S.W.2d 711. Our statutes prescribe that only the officers as above stated may be present during the examination of a witness, and all of these non-members are excluded while the grand jury is deliberating or voting. If an outsider was present when the jury acted on an indictment, it is a ground for setting aside the indictment. §§ 110, 158(2), Criminal Code."

 Since our decision in Greenwell the Criminal Code was supplanted by the Criminal Rules. No longer do they specifically provide that a motion to set aside the indictment may be sustained on the ground that some person other than a grand juror was present when the grand jury acted on the indictment. Nevertheless, we hold that the integrity of the grand jury system requires the exclusion of all except the jurors when they are deliberating or voting and that the presence of anyone else remains a basis for dismissing the indictment. Any indication in Greenwell to the contrary is no longer authoritative. It was error not to dismiss the indictments. Cf. Annotations, 4 A.L.R.2d 392.

The judgment is reversed with directions to dismiss the indictments.

All concur.