## A02A0587. HALL v. THE STATE.
(561 SE2d 464)

PHIPPS, Judge.

Burnam Melvin Hall appeals his convictions of two counts of child molestation and two counts of distributing obscene material. He claims that the trial court erred by (1) not allowing him to present evidence that one of the alleged victims had made a prior false accusation of sexual misconduct against a different man, and (2) charging the jury on the entire statutory definition of distributing obscene material. Because both claims lack merit, we affirm.

The charges against Hall arose from separate incidents on different dates. With respect to the first incident, the State's evidence showed that on April 1, 2000, 15-year-old T. H. was asleep on a mattress in the living room of her grandfather's house. Her brother and his 16-year-old girlfriend, T. G., were sleeping on another bed in the room. T. H. awakened when her uncle, Hall, began touching her vagina under her clothes. She rolled over, and he touched her buttocks. She told him to leave her alone and pretended to go back to sleep. According to T. H., Hall then moved over to T. G. and put his hand down her pants. T. G. testified that she woke up to find Hall fondling her vagina and that he later inserted his finger there. T. H. told Hall to leave T. G. alone, at which point Hall left the room. At trial, Hall denied touching either girl inappropriately.

Hall was charged with two counts of child molestation for touching T. H.'s vagina and buttocks and one count of aggravated sexual battery for placing his finger in T. G.'s vagina. The jury found him guilty of the child molestation counts, but not of aggravated sexual battery.

With respect to the second incident from which Hall's charges arose, Hall's eleven-year-old stepgranddaughter, K. D. H., testified that two times while she was staying at his house, Hall played a videotape for her called "Burnam's Dirty Movies" that featured naked adults engaging in sexual activities. Hall told her not to tell anyone what she had seen because he might be arrested.

K. D. H.'s eight-year-old sister, K. N. H., testified that once while she was playing at Hall's house, he told her, "it's time for you to look at this," and showed her a movie of naked adults involved in sexual activities. K. N. H. testified that two other times, Hall showed her other movies of people engaged in sexual activities.

Investigator Mike Shinall of the Bartow County Sheriff's Office testified that he searched Hall's residence and found two videotapes, one of which was titled "Burnam's Dirty Movies." At trial, Hall stipulated that the videotapes were obscene, and he testified that they would not be appropriate for children to view. However, he denied showing the videotapes to K. D. H. or K. N. H.

Hall was charged with two counts of distributing obscene material for showing obscene videotapes to K. D. H. and K. N. H. and was convicted on both counts.[1]

1. At trial, Hall sought to introduce evidence that before the charges arose against him, the alleged sexual battery victim, T. G., had falsely accused another man, W. P. (who was then T. H.'s mother's boyfriend), of sexual misconduct. The trial court refused to permit the jury to hear such evidence.

Evidence that a victim in a sex offense case has made prior false accusations of sexual misconduct against others is admissible to attack the victim's credibility and as substantive evidence tending to prove that the charged offense did not occur.[2] Before admitting such evidence, however, the trial court must make a threshold determination outside the presence of the jury that there is a reasonable probability the prior accusations were false.[3] A "reasonable probability" is defined as one "sufficient to undermine confidence in the outcome."[4] We will not disturb the trial court's ruling absent an abuse of discretion,[5] and we review the trial court's determinations concerning the credibility of witnesses only for clear error.[6]

T. G. testified that W. P. had touched her breasts and vagina. T. H. and her mother testified that T. G. had reported the incident to them, and defense counsel asked whether T. G. had later told them she had fabricated the allegations. T. H. denied that T. G. had recanted her story. T. H.'s mother could not remember whether T. G. had recanted, but she refused to state that she did not believe T. G. T. H.'s mother also testified that W. P. had told her he had been drinking on the night in question. W. P. denied touching T. G. in a sexual manner. He also claimed that he had not been drinking that night and that he had never told T. H.'s mother that he had.

The trial court ruled that this evidence did not establish a reasonable probability that T. G.'s accusations against W. P. were false. The court obviously determined that the testimony of T. G., T. H., and T. H.'s mother was more credible than that of W. P., and we cannot say that that decision was clearly erroneous.

2. Hall argues that the trial court erroneously charged the jury

---

[1] Hall also was charged with four counts of child molestation for touching K. D. H.'s breasts, buttocks, and vagina and for masturbating in her presence. The trial court directed a verdict of acquittal on the latter count, and the jury acquitted Hall of the other three counts.

[2] *Smith v. State*, 259 Ga. 135, 137-138 (1) (377 SE2d 158) (1989).

[3] Id.

[4] (Citation and punctuation omitted.) *Palmer v. State*, 248 Ga. App. 515 (1) (546 SE2d 886) (2001).

[5] Id.

[6] See *Tyson v. State*, 232 Ga. App. 732, 734 (2) (503 SE2d 640) (1998).

on the entire statutory definition of distributing obscene material,[7] even though he was charged with committing the crime in only one way — by showing obscene videotapes to K. D. H. and K. N. H. We find no error.

Generally, it is not error to charge an entire Code section even though only part of the section may be applicable.[8] "However, error arises if the indictment specifies the commission of a crime by only one of several methods possible under the statute and a reasonable probability exists that the jury convicted the defendant of committing the offense in a manner not charged in the indictment."[9] No such reasonable probability exists here.

First, the trial court instructed the jury that the State was required "to prove every material allegation *of the indictment*"[10] beyond a reasonable doubt and that a conviction would be authorized if the jury believed beyond a reasonable doubt that the defendant had "committed the offense alleged in a count." A copy of the indictment went out with the jury. Thus, the jury instructions, read as a whole, properly limited the elements of the crime to those charged in the indictment.[11] Second, K. D. H. and K. N. H. testified about only one method in which Hall distributed obscene materials — by showing them obscene videos. There was no evidence that he committed the crime in any other manner, and thus no possibility that the jury convicted him of doing so.[12]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 6, 2002.

*Joshua D. Earwood*, for appellant.

---

[7] The jury charge, in relevant part, was as follows:
[A] person commits [the offense of distributing obscene material] when he sells, lends, rents, leases, gives, advertises, publishes, exhibits, or otherwise disseminates to any person any obscene material of any description, knowing the obscene nature thereof, or offers to do so, or possesses such material with the intent to do so, provided that the word knowing [a]s used in this section, shall be deemed to be either actual or constructive knowledge of the obscene contents of the subject matter.
This charge almost exactly tracks the language of OCGA § 16-12-80 (a).

[8] *Green v. State*, 249 Ga. App. 546, 555 (6) (547 SE2d 569) (2001).

[9] (Citation omitted.) Id.

[10] (Emphasis supplied.)

[11] See *Johnson v. State*, 245 Ga. App. 761, 762 (1) (538 SE2d 850) (2000).

[12] See *Welker v. State*, 273 Ga. 36, 38 (5) (537 SE2d 661) (2000).

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.