## A02A2192. WHITE v. THE STATE.
(572 SE2d 692)

JOHNSON, Presiding Judge.

Gregory Lamar White was tried before a jury on two indictments. The jury found him guilty of burglary, theft by taking, and theft by receiving, and not guilty of driving with a suspended license, on one indictment. The same jury found him guilty of burglary and theft by taking on the second indictment. White does not appeal the sufficiency of the evidence to support his convictions; he merely argues that jurors observed a public trial docket showing that he was being charged separately with child molestation. White argues that this evidence, discovered after the jury rendered its verdict in the present case, mandates reversal of his convictions. We disagree and therefore affirm White's convictions.

The record shows that after the verdict, White's trial attorney spoke to a few of the jurors. Two of these jurors informed him that there was some type of document in the jury room that included White's name and his charges, including charges for child molestation. According to White's trial attorney, the jurors stated that the document was there in the beginning of the case, but was not there later. After receiving this information, White's trial attorney either told White or White's new appellate attorney.

At the motion for new trial hearing, two jurors testified that there was no such document in the jury room during deliberations. One juror testified that she saw a court docket hanging outside the courtroom that had pending charges against White for child molestation or an assault-type charge. She observed this document before she was sworn in and picked as a juror. This juror also noted that before deliberations in the case, the jury foreman mentioned that

even though jurors had seen the court docket, it should have no bearing on the case the jury was hearing. The juror testified unequivocally that what she had read on the court docket had no impact on her decision in the present case.

The second juror testified that she saw the court docket outside the courtroom during voir dire. However, she stated that there were no deliberations concerning other charges the jurors may have seen. She noted that the jury foreman told them that anything they had seen about other charges was not part of their deliberations. This juror testified that knowledge of the child molestation charges did not influence her decision in the present case because she did not know any of the facts in the other case.

Both jurors testified that the trial judge charged the jury that White was presumed innocent until proven guilty, that the indictment or charges are not evidence and should not be considered evidence, and that the state must prove each element of the offense beyond a reasonable doubt. Both jurors agreed that the evidence presented against White on the indictments at issue in this case was overwhelming because eyewitnesses saw White commit two burglaries, the co-defendant testified against White, and the police followed White into a parking lot and caught him with the stolen goods in his trunk.

1. White contends he was denied his right to a fair and impartial trial because the jurors improperly discussed and knew about separate child molestation charges pending against him and did not inform the trial judge about this knowledge. However, this Court reviews allegations of error committed by the trial court, not errors made by jurors. Thus, failure of the foreperson and the jurors to ask the court for instruction concerning their knowledge, if any, of the child molestation charges is not an error which we can address, and White's second enumeration of error is without merit.

As for the merits of White's due process claim, White has failed to cite any cases showing harm or prejudice based on jurors reading a public trial docket about separate pending charges. Moreover, White has failed to provide this Court with any evidence that viewing the public trial docket in any way prejudiced the jurors in the present case. It is not sufficient for White merely to allege that viewing the public court docket might have confused or prejudiced the jury; White has the burden to prove error affirmatively by the record.[1] "Harm cannot be shown by mere speculation and conjecture unsupported by the record."[2]

---

[1] See *Barton v. State*, 199 Ga. App. 363, 364 (3) (405 SE2d 92) (1991).

[2] (Punctuation omitted.) *Brooks v. State*, 243 Ga. App. 246, 252 (1) (b) (532 SE2d 763) (2000).

Here, White has not met his burden to prove error by the record and to show an abuse of the trial court's discretion in ruling on his motion for new trial. The only evidence in the record shows that the trial judge properly charged the jury regarding the presumption of evidence, the burden of proof, and the fact that allegations in the indictments are not evidence. And, both jurors who testified at White's motion for new trial hearing testified that knowing about White's pending child molestation charge did not affect their decision in the present case. The evidence was overwhelming, and that is why the two jurors rendered a guilty verdict in the present case. This enumeration of error lacks merit.

2. White contends he was denied effective assistance of trial counsel because (1) his trial attorney did not immediately notify the trial court after he learned of possible juror compromise, and (2) his trial attorney failed to file a motion to keep the knowledge of pending child molestation charges out of public view of the prospective jurors. We first note that the record clearly establishes that White's trial attorney did not learn that the public trial docket had been read by the jurors until after the jury rendered its verdict and White was sentenced. He then conveyed this information to either White or his new appellate attorney, and White's appellate attorney filed a motion for new trial based, in part, on this information. Since the information was not learned until after the verdict was rendered, the proper remedy was a motion for new trial.[3] White's trial attorney was not ineffective in not alerting the trial judge immediately upon learning of the possible compromise.

We, likewise, find no merit in White's claim that he was denied effective assistance of trial counsel because his trial counsel failed to make a motion to keep the knowledge of pending child molestation charges out of public view of the prospective jurors. White has failed to cite any authority and we can locate no authority requiring such a motion. Moreover, even if such a motion was warranted, White has failed to show any harm, because, as noted above, the jurors who testified at White's motion for new trial hearing denied that viewing the public court docket and seeing a pending child molestation charge against White affected or prejudiced their verdict in the present case in any way. The trial court did not err in denying White's motion for new trial on the ground of ineffective assistance of counsel.

3. White claims he was denied a fair and impartial hearing on his motion for new trial because the trial judge would not allow the foreperson and all jurors to testify at the hearing. However, White does not cite to any ruling of the trial court supporting his conten-

---

[3] See *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980).

tion, and we can find no evidence in the record supporting this contention. This enumeration of error is without merit.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 10, 2002.

*Nan M. Deegan*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.