## A04A1641. HOLMES v. THE STATE.
### (608 SE2d 726)

JOHNSON, Presiding Judge.

This appeal from a criminal conviction challenges the admission of certain evidence and the effectiveness of trial counsel. The challenges are without merit, and we therefore affirm the conviction.

A Richmond County grand jury indicted Vorenzo Holmes and Jeffery Foat, Jr., for aggravated assault and possession of a firearm during the commission of a crime. Holmes was also indicted for influencing a witness. Holmes and Foat denied the charges and were tried together before a jury.

At trial, the state presented evidence, including eyewitness accounts, showing that on July 24, 1999, the victim, Delshawn Flournoy, went into the house of an acquaintance. A short time later, Holmes and Foat arrived outside the house carrying guns. They began shooting at a man who was on the porch, and one of their bullets struck Flournoy in the head. A few weeks after the shooting, Holmes approached one of the eyewitnesses to the shooting and offered to give her money if she would not testify against him.

Holmes and Foat both testified, denying that they had fired any guns. They claimed that they were unarmed and had gone to the house so that Foat could fight the man who was sitting on the porch. But the man shot at them, so they ran from the scene. Holmes also testified that he never offered to pay money to the eyewitness to keep her from testifying against him.

The jury found Holmes and Foat guilty of all charges. Holmes, whom the trial court ordered to serve a twenty-year sentence for the aggravated assault and five-year sentences for each of the other offenses, appeals from the judgment of conviction entered on the jury verdict.

1. Holmes contends that the trial court erred in admitting lyrics from rap songs that he had written because they improperly put his bad character into evidence. But as Holmes notes in his brief, neither of his trial attorneys ever raised a bad character objection to the

lyrics. Rather, his attorneys objected on the grounds that the lyrics were not relevant and some of them had not been produced by the state during discovery. Because no bad character objection to the evidence was raised in the trial court, Holmes may not now raise it for the first time on appeal. "Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court."[1]

2. Holmes asserts that the trial court erred in admitting evidence of his prior guilty plea to the offense of terroristic threats as purported similar transaction evidence. We agree with Holmes that the court did err in admitting the evidence because his terroristic threats offense was not sufficiently similar to the crimes for which he was on trial.

Before any evidence of independent offenses may be admitted, the state must show (1) that it seeks to introduce the evidence for an appropriate purpose, (2) that the accused committed the independent offense, and (3) that there is a sufficient connection or similarity between the independent offense and the crimes charged so that proof of the former tends to prove the latter.[2]

In this case, the terroristic threats offense to which Holmes pled guilty occurred more than a year after the crimes for which he was on trial. According to the state's evidence, Holmes was cursing as he walked past three deputy sheriffs in a gas station parking lot. One of the deputies told him to stop using profanity. Holmes continued to curse, so the deputies put him into the back of a patrol vehicle. Holmes then told the deputies that if they came back to his neighborhood he would throw bricks and bottles at their cars and he would have them killed.

Contrary to the claims of the state, we do not find sufficient similarity between Holmes' making of verbal threats toward deputies in a parking lot and his shooting a gun at someone.

> Since the evidence was neither similar nor logically con-
> nected to the crime charged, it does not tend to prove any
> material issue in the case. Instead, it tends only to establish
> that the defendant committed the crime on trial because he
> is a man of criminal character. The ultimate issue in deter-
> mining the admissibility of evidence of other crimes is not
> mere similarity but relevance to the issues in the trial of the

---

[1] *Garmon v. State*, 265 Ga. App. 622, 626 (3) (a) (594 SE2d 779) (2004).
[2] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

case. The prior act evidence is irrelevant and should have been excluded from trial.[3]

Nevertheless, we find a high probability that the trial court's erroneous admission of the independent crime evidence did not affect the verdict.[4] The state presented substantial evidence of Holmes' guilt, including eyewitness testimony establishing that Holmes fired a gun toward the victim. Since the trial court's improper ruling did not measurably contribute to the verdict, it does not amount to reversible error.[5]

3. Holmes claims that his trial attorneys were ineffective because they objected to the rap lyrics on the basis of relevancy but did not object on the ground that the lyrics constituted improper character evidence. Holmes, however, has failed to carry his burden of establishing such a claim.

> To establish a claim of ineffective assistance of counsel, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption.[6]

In this case, neither of Holmes' trial attorneys testified at the motion for new trial hearing. Absent their testimony, it is impossible for us to determine their reasons for the objections raised at trial. And since decisions of when and how to raise objections are generally matters of trial strategy,[7] we agree with the trial court that Holmes has failed to overcome the strong presumption that his counselors' actions were the result of sound trial strategy. The trial court therefore did not err in denying Holmes' claim of ineffective assistance of counsel.

4. Holmes complains that the trial court improperly admitted victim impact evidence during the guilt-innocence phase of the trial by allowing the victim to testify and that his trial attorneys were ineffective in failing to raise a victim impact objection. As discussed

---

[3] (Citations and punctuation omitted.) *McGee v. State*, 267 Ga. 560, 564 (2) (480 SE2d 577) (1997).

[4] Id.

[5] Id.

[6] (Citation omitted.) *Morgan v. State*, 276 Ga. 72, 77 (9) (575 SE2d 468) (2003).

[7] *Gibson v. State*, 272 Ga. 801, 804 (4) (537 SE2d 72) (2000).

above in Division 1, because the objection raised on appeal was not made in the trial court, it was waived and presents nothing for us to review.[8] And as discussed above in Division 3, how and when to raise objections are matters of trial strategy that generally will not support a claim of ineffective assistance of counsel,[9] especially in a case such as this where counsel did not testify at the motion for new trial hearing.[10]

Moreover, the transcript does not support Holmes' claims of error. It appears from the transcript that the victim was unable to answer some questions and could give only yes or no answers to others. After being unable to effectively cross-examine the victim, Holmes' attorneys objected on the ground that Holmes was being denied his right to confront the witness. The trial court agreed, struck the victim's testimony and instructed the jury to disregard it. Under these circumstances, we find Holmes' claims that the trial court improperly allowed the testimony and that his trial counsel was ineffective to be wholly without merit.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 16, 2004.

*Jacque D. Hawk*, for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney*, for appellee.

