S06A0296. COLWELL v. THE STATE.
(627 SE2d 2)

ORDER OF THE COURT.

It appearing that the writ of certiorari in this case was improvidently granted, the grant of certiorari in Case No. S05C1576 is hereby vacated, and the appeal in S06A0296 is dismissed.

---

*All the Justices concur, except Sears, C. J., Hunstein, P. J., and Melton, J., who dissent.*

SEARS, Chief Justice, dissenting.

After learning that the indictment in this case was undeniably tainted by the active participation of a grand juror who had been excused for cause,[1] the State chose not to correct this obvious error, but rather to defend the current appeal on the hope that the situation would not warrant this Court's attention. Now that the mistake has been fully aired before this Court, the State has promised that it will dismiss the faulty indictment and start anew. By vacating the grant of certiorari, however, the majority permits the State's conduct to evade review. For this reason, I cannot join today's ruling.

I am authorized to state that Presiding Justice Hunstein joins in this dissent.

ORDERED FEBRUARY 27, 2006.

*Virgil L. Brown & Associates, Eric D. Hearn, Ronald J. Ellington,* for appellant.
*Scott L. Ballard, District Attorney, Cindy L. Spindler, Assistant District Attorney,* for appellee.
*Balch & Bingham, J. Tom Morgan,* amicus curiae.

[1] See generally *Colon v. State,* 275 Ga. App. 73, 78 (619 SE2d 773) (2005) ("the presence of unauthorized persons . . . during grand jury deliberations should be forbidden").